Froessel, J.
On this appeal, petitioner landlord challenges the constitutionality of the 1959 re-enactment and extension (L. 1959, ch. 809) of the Business Rent Law (L. 1945, eh. 314, as amd.) insofar as it is applicable to office space.
In Lincoln Bldg. Associates v. Barr (1 N Y 2d 413) this same landlord similarly challenged the constitutionality of the predecessor 1955 statute. We there held that the landlord “ did no more than raise a conflict of testimony and opinion — a debatable question as to the existence of an emergency and the need for rent control as to office space ” (pp. 419-420). We noted, however, that the disposition of that appeal was in no way “ determinative of the constitutionality of office space controls in any later year”, and further stated: “Rent controls, all will agree, ought not achieve a status of permanence in our economy. They have no justification except in periods of emergency * * *. Here, however, there is a rational basis for the legislative finding. Whether and for how long the Legislature may lawfully continue office rent control must, and shall, be a question open for future review” (p. 420).
Upon review of the record before us, we find that, although the end of office space controls appears to be in sight, a ‘ ‘ rational basis ” for the re-enacted statute at issue on this appeal yet remains. The evidence presented by the landlord, as developed at the trial, served only to demonstrate that the intensity of the emergency which prevailed in 1955 (the period reviewed in the Barr case) has moderated to some extent, but not in substantial degree. Since 1955, however, the Legislature, mindful of our admonition in the Barr case, and in prudent recognition of the fact that the intensity of the emergency has been diminishing as additional space is made available through construction of new office buildings, has implemented a program of gradual relaxation of controls. At this juncture, in fact, the law controlling office space is substantially different from that which we previously considered.
By virtue of sections 2 and 3 of chapter 735 of the Laws of 1956, a landlord, by offering a tenant a two-year lease at the emergency rent, was enabled to decontrol the demised premises, effective after the two-year period if the tenant accepted the proffered lease, or after six months if refused. This procedure *182 for decontrol was initially limited to demised office space for which the annual rent was $20,000 or more. In each succeeding year since 1956 that sum has been reduced. Thus for 1957 it was $10,000; 1958, $7,500; and for 1959, $5,000 (L. 1957, ch. 452, § 5; L. 1958, ch. 886, § 3; L. 1959, ch. 809, § 2; Business Bent Law, § 8, subd. [ggj, par.' [2]; § 12). By section 1 of chapter 433 of the Laws of 1960, enacted after the commencement of the instant litigation, the sum has been further reduced to $2,500.
It is our opinion that such a process of gradual, rather than abrupt, cessation of controls, commensurate with the moderation in market conditions, effectuates a transition from controls to normal landlord-tenant relations in a rational and orderly manner, without economic disruption and dislocation. Such a program “ designed to protect and. promote the public health, safety and general welfare ” is hardly capricious and arbitrary, or otherwise violative of constitutional guarantees.
The order appealed from should be affirmed, with costs.